The case against Richard Ward was held to be one of circumstantial evidence, this court saying:

"The correct rule is that, if the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence. The main fact to be proved in this case was, Did the appellant Richard Ward possess a still for the purpose of manufacturing intoxicating liquor? And this fact, if proved at all, was proved as a matter of inference from other facts in evidence in the case, and the case rests wholly upon circumstantial evidence. Branch's P.C. p. 1341."

In Coons v. State, 113 Tex.Cr.R. 484, 22 S.W.2d 459, we said:

"The most that can be said is that the whisky was found buried in a field over which appellant had control. Hence it would appear that the question of possession, that is, the care, control, and management of the whisky, was an inference to be drawn from circumstances. This being true, the case is necessarily one of circumstantial evidence."

We are constrained to agree that the evidence as to appellant's possession of the wine and whisky was circumstantial rather than direct, and that the trial court erred in failing to so instruct the jury.

The judgment is reversed and the cause is remanded.

## ARRANT v. STATE.

No. 26840.

Court of Criminal Appeals of Texas.

Feb. 17, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

WOODLEY, Judge.

The information charged the unlawful sale of whisky and a prior conviction for a like offense. Upon his plea of guilty before the court, punishment was assessed at 30 days in jail and a fine of $200.

The record on appeal contains neither a statement of facts nor bill of exception. All the proceedings appear regular and nothing is presented for review by this court.

The judgment is affirmed.